UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1:97-cr-00376 (JDB) |
| | : | |
| LATOYA BOWMAN, | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXPUNGE CRIMINAL RECORD

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant LaToya Bowman's motion to expunge her criminal record. The record conclusively shows that defendant is not entitled to the equitable relief she seeks, and, thus, her criminal conviction may not be expunged under the controlling case law. Therefore, the Court should summarily deny defendant's motion.

### PROCEDURAL HISTORY

On September 11, 1997, defendant was charged by indictment with three counts related to a Conspiracy to Distribute Narcotics. [ECF No. 12]. On October 22, 1997, defendant pled guilty to one count of Unlawful Possession With Intent to Distribute Cocaine Hydrochloride pursuant to a plea agreement. [ECF No. 171]. On August 31, 1998, the Honorable Ricardo M. Urbina sentenced defendant to three years' supervised release with conditions. [ECF No. 178]. Defendant's period of supervision expired on August 30, 2001.

On August 16, 2024, defendant filed a letter with the Court seeking expungement of her criminal conviction in the instant case. [ECF No. 324]. Defendant's stated reason for the

requested expungement is that she would like to advance her career and her criminal conviction in this case is preventing her from obtaining the security clearance required for some positions.

## ARGUMENT

Defendant's motion to expunge her criminal conviction in this case should be summarily denied. Defendant fails to proffer any statutory basis for, or any "extraordinary circumstances" justifying, her request for equitable relief.

"The power to order expungement is part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights." *United States v. Archer,* Criminal No. 07-0029, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012) (quoting *Doe v. Webster,* 606 F.2d 1226, 1231 n. 8, (D.C. Cir. 1979)); *see Chastain v. Kelley,* 510 F.2d 1232, 1235 (D.C. Cir. 1975) (federal courts have the power to order the expungement of government records, such as criminal records, "where necessary to vindicate rights secured by the Constitution or by statute."). "Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'" *United States v. Davis*, No. CR. 342-72, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (quoting *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985)). A federal court's jurisdiction to hear motions to expunge convictions or arrests "is 'limited' in the absence of an enabling federal statute." *Herrington v. Bezotte*, 2015 WL 268412, at *5 (E.D. Mich. 2015) (citing *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). "The court may order expungement where it is required or authorized by statute, or in the exercise of its inherent equitable powers." *Archer*, *supra*. at *1 (internal quotation marks and citation omitted); *see United States v. Derouen*, 279 F. Supp. 3d 298, 299 (D.D.C. 2018) (Kollar-Kotelly,

J.) (same); *see also Livingston*, *supra*. at 78 (observing that "courts have the inherent, equitable power to expunge arrest records") (citations omitted).

In this case, defendant cites no statutory basis to support her request for expungement. Indeed, there is "no 'standalone right to expungement of government records'. . . recognized in this Circuit." *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) (quoting *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015)). When a court has exercised its inherent equitable power to order expungement, it has been due to "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe v. Webster*, 606 F.2d 1226, 1230 (D.C. Cir. 1979); *see e.g., United States v. Blackwell*, 45 F.Supp. 3d 123, 124 (D.D.C. 2014) ("Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations.").

Although defendant argues that she was unaware that she was committing a crime and that she was "guilty by association," she would have been advised pursuant to Fed. R. Crim. P. 11(b) before the court accepted her guilty plea. Thus, defendant cannot show that her arrest or convictions were improper, nor does she plead unusual or extraordinary circumstances justifying expungement. Rather, defendant seeks expungement of her convictions on grounds that it would be useful in her attempt to obtain a security clearance. This stated basis does not amount to a lack of probable cause, flagrant violation of the Constitution, nor other unusual and extraordinary circumstances. *Doe*, 606 F.2d at 1230. Consequently, her reason is insufficient to justify expungement of the records of her criminal conviction in this case. *Id*.

3

Further, the government has a legitimate need to maintain records of arrests and convictions. In this Circuit, when assessing whether to invoke the Court's inherent authority to grant a motion for expungement of an arrest record, the Court considers whether "serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *United States v. Davis*, No. CR 342-72, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (citations omitted). This Circuit is clear that the government has a "legitimate need for maintaining criminal records in order to efficiently conduct future criminal investigations." *Doe*, 606 F.2d at 1243. "Retaining and preserving arrest records serves the important function of promoting effective law enforcement" and serves the "compelling public need for an effective and workable criminal identification procedure." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (quotation omitted); *see also United States v. Woods*, 313 F.Supp. 3d 197, 200 (D.D.C. 2018) ("The government has both the statutory authority to maintain criminal records and a demonstrated need to do so in order to conduct future criminal investigations efficiently."). Retaining criminal records "aids in effective law enforcement," and maintaining records of convictions "helps preserve uniform sentencing under the United States Sentencing Guidelines" because the sentencing ranges rely in part on a defendant's past criminal history. *United States v. Salleh*, 863 F. Supp. 283, 284 (E.D. Va. 1994). As a result, expungements of criminal records are rare, without authorizing statute or extraordinary circumstances. "[R]elief usually is granted only in extreme circumstances, the finding of which requires a balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." *Davis*, 2006 WL 1409761, at *2 (internal quotation marks and quotation

omitted). Here, because defendant cannot show extraordinary circumstances overcoming the government's legitimate need to maintain records related to criminal cases, defendant has not demonstrated that she is entitled to the relief she seeks.

## CONCLUSION

Although the government is mindful of defendant's desire to expunge records of her conviction in this case to aid in her search for better employment, her motion fails to present any applicable statutory authority to support the expungement request or to show that her arrest was improper, or to show any extraordinary circumstances that would warrant expungement when balanced against the government's interest in preserving criminal records. The circumstances cited here by defendant are not unique, and they fail to "rise to the level of the exceptional circumstances necessary to justify this Court's exercise of its equitable power to expunge records of a valid arrest and conviction absent a showing of some violation of rights." *United States v. Wilson*, 98-mj-0558, 2008 WL 2446134, at *1 (D.D.C. June 17, 2008). Accordingly, the Court should summarily deny the instant motion.

A Proposed Order is attached.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

PETER S. SMITH
Chief, Special Proceedings Division
D.C. Bar Number 465131

*/s/Michael Toogun*
MICHAEL TOOGUN
Assistant United States Attorney
Special Proceedings Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7060
michael.toogun@usdoj.gov

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that I caused a copy of the Government's Opposition to be served on the defendant, LaToya Bowman, 6314 Inwood Street, Cheverly, MD 20785, this 16th day of September 2024.

*/s/ Michael Toogun*
MICHAEL TOOGUN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 1:97-cr-00376 (JDB) |
| | : |
| LATOYA BOWMAN, | : |
| Defendant. | : |

**O R D E R**

Upon consideration of Defendant LaToya Bowman's Motion to Expunge Her Criminal Record, and the United States' Opposition to Defendant's Motion, and it appearing that the Defendant is not entitled to the relief sought, it is, this ____ day of _____, 2024, hereby,

**ORDERED** that the Defendant Bowman's Motion to Expunge Her Criminal Record is **DENIED**.

_____
JOHN D. BATES
JUDGE, UNITED STATES DISTRICT COURT